(13 Misc. Rep. 342.)

### KRUELWITCH et al. v. MELTSNER et al.

(City Court of New York, General Term. June 25, 1895.)

NEGOTIABLE INSTRUMENTS—LIABILITY OF ACCOMMODATION INDORSER.

Plaintiff, in an action on a promissory note, is not chargeable with knowledge of any facts constituting a defense in favor of an accommodation indorser, unless his assignor, who took the note before maturity, for value, had knowledge of such facts.

Appeal from trial term.

Action by Philip Kruelwitch and others against William Meltsner and others on a promissory note. From a judgment entered on a verdict directed in favor of plaintiffs, defendant Meltsner appeals. Affirmed.

Argued before VAN WYCK, NEWBURGER, and CONLAN, JJ.

Abm. Levy, for appellant.

A. D. Levy, for respondents.

VAN WYCK, J. The uncontradicted proof is that plaintiffs are the holders of a note for $400, made by the defendant copartnership firm to their own order, and indorsed by them, and then by William Meltsner, the only defending defendant, and thereafter, and before maturity, indorsed and delivered by one Schreiber to plaintiffs, in payment of his indebtedness of $400 to him. The counsel of defendant Meltsner declared in his opening that he would prove that his client was an accommodation indorser; that the firm makers, payees of the note, had failed; and that two years thereafter, but not before the maturity of the note, a member of that firm went to Schreiber with this note, and borrowed from him the money. But he did not state that he would prove that Schreiber knew of these facts, or of any of the facts which he said he would prove

that these plaintiffs knew of. The test is, could Schreiber have maintained this action on this note against this accommodation indorser had he continued the holder thereof? Assuming that the facts which counsel stated that he could prove would constitute sufficient defenses in favor of this indorser, as against the makers, payees, still they would not be good defenses as against Schreiber, who lent the money on the note before maturity, and without notice of any of these facts; and his cause of action would have been perfect, and not subject to these defenses; and so, too, they are of no avail as against these plaintiffs, irrespective of the question whether they had notice of them or not, for they have acquired all the rights of Schreiber by his indorsement and delivery to them of the note, and the opening concedes that Schreiber had no notice thereof. Judgment affirmed, with costs. All concur.